IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-617-D

| | |
|---|---|
| CHRISTOPHER SWINDELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CACI NSS, INC., and QUICK SERVICES )<br>LLC, )<br>)<br>Defendants. )<br>)<br>) | **ORDER ON BILL OF COSTS** |

This matter is before the clerk on the motion for bill of costs filed by defendant CACI NSS, Inc. [DE-116]. Plaintiff Christopher Swindell has filed a motion for disallowance of costs [DE-121] to which defendant has responded in opposition [DE-123]. For the reasons set forth below, the motion for bill of costs [DE-116] is GRANTED and the motion for disallowance [DE-121] is DENIED.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in this court on December 14, 2017 [DE-1]. On September 30, 2020, the Court granted defendant's motion for summary judgment [DE-96] and entered judgment in favor of defendant [DE-97].[1] Thereafter, defendant filed a motion for bill of costs [DE-98]. Plaintiff filed a notice of appeal [DE-105], a motion to stay consideration of the motion of bill of costs [DE-106], and a response in opposition to the motion of bill of costs [DE-107]. On December 30, 2020, the Court denied the motion for bill of costs

---

[1] The other defendant, Quick Services, Inc., also obtained summary judgment. The clerk limits the discussion of the procedural history to defendant CACI NESS, Inc.

[DE-98] without prejudice, stating that defendant may file a new motion if the judgment was affirmed on appeal.

On August 30, 2022, the Fourth Circuit affirmed this court's judgment [DE-114]. On September 13, 2022, defendant filed the instant motion for bill of costs [DE-116].

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). Specifically, defendant seeks recovery of $3,676.85 in costs from plaintiff for fees for the transcripts necessarily obtained for use in the case, pursuant to 28 U.S.C. §.1920(2).

Plaintiff does not dispute that defendant is the prevailing party, or that all transcripts were necessarily obtained for use in the case. Plaintiff does, however, contend that a portion of the costs sought by defendant must be disallowed. Specifically, plaintiff contends that defendant's request for costs impermissibly includes charges for both the original transcripts and copies of the transcripts of the depositions of plaintiff and William Malave. Local Civil Rule 54.1(c)(1)(a) specifies that the costs incident to the taking of depositions normally only include the reporter's fee and the charge for the original transcript of the deposition. Plaintiff argues that because the supporting invoices for the depositions of plaintiff and Malave do not identify the cost of the

2

original transcript and the cost of the copy, the request of costs as to those transcripts should be disallowed in its entirety.

In response, defendant proffers the declaration of Ken Daniels, the Vice-President of the company that provided court reporting services for the depositions of plaintiff and Malave [DE-123-1]. Therein, Daniels declares the fees on the invoice represent charges for the transcription of the deposition, the sealed original transcript, and one electronic copy [DE-123-1 ¶ 3-4]. Daniel specifies the fee is the same with or without an electronic copy. Id. Given this information, the motion for disallowance [DE-121] is DENIED and the motion for bill of costs [DE-116] is GRANTED. Costs in the amount of $3,676.85 for fees for the transcripts necessarily obtained for use in the case are taxed against plaintiff pursuant to 28 U.S.C. § 1920(2).

## CONCLUSION

For the foregoing reasons, the motion for bill of costs [DE-116] is GRANTED and the motion for disallowance [DE-121] is DENIED. Costs in the amount of $3,676.85 are taxed against plaintiff Christopher Swindell in favor of Defendant CACI NSS, Inc. and shall be included in the judgment.

SO ORDERED. This the _1_ day of May, 2023.

Peter A. Moore, Jr.
Clerk of Court